IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LIBERTY MEDIA HOLDINGS, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:09-CV-2396-D |
| VS. | § | **SEALED ORDER** |
| | § | |
| HOTFILE.COM, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Liberty Media Holdings, L.L.C.'s ("Liberty's") *ex parte* application for a temporary restraining order ("TRO") and an order for seizure by audit is denied. Liberty's application for expedited discovery is granted as set forth in § II of this order. The court is scheduling Liberty's preliminary injunction application by separate order filed today.

I

Liberty seeks an *ex parte* TRO and related relief. Fed. R. Civ. P. 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Liberty's original petition ("complaint") is not verified. Although the complaint is supported by two exhibits that are declarations (exhibits C and I), neither is sufficient to satisfy the requirement of

Rule 65(b)(1)(A) that Liberty must "clearly show that immediate and irreparable injury, loss, or damage will result to [Liberty] before the adverse party can be heard in opposition."

Liberty's *ex parte* application is supported by the declaration of one of its attorneys and by two exhibits that consist of declarations. Although the December 11, 2009 attorney declaration contains one sentence that addresses the topic of evidence destruction, neither it nor the other two declarations are sufficient to satisfy Rule 65(b)(1)(A).

Liberty has also filed an *ex parte* application for an order temporarily sealing the file, which the court has granted. Although this application addresses issues that bear on the Rule 65(b)(1)(A) standard, neither it nor the exhibits to the application are verified or are affidavits or declarations.

Accordingly, without suggesting that Liberty will not be entitled to some or all of the relief it seeks when the court considers its preliminary injunction application, the court denies Liberty's *ex parte* application for a TRO and an order for seizure by audit.

II

The court grants Liberty's application for expedited discovery as follows. Liberty may immediately serve interrogatories, requests for admissions, and requests for production on the defendants, and it may serve subpoenas on third parties, that require compliance within five business days (i.e., exclusive of Saturdays, Sundays, and legal holidays). Any such discovery request or subpoena must be accompanied by a copy of this order.

**SO ORDERED**.

December 21, 2009.

SIDNEY A. FITZWATER
CHIEF JUDGE